UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPITAL ONE, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1113 |
| | § | |
| GURMUKH S. JOLLY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Final Summary Judgment (Doc. No. 11) and Plaintiff's Memorandum of Law in Support of its Motion for Final Summary Judgment ("Motion") (Doc. No. 12). After considering the parties' arguments and the applicable law, the Court finds that Plaintiff's Motion should be **GRANTED**.

I.   **BACKGROUND**

Plaintiff Capital One, N.A. filed suit against Defendant Gurmukh S. Jolly on March 25, 2011, seeking damages for breach of contract on two promissory notes executed by Defendant. Defendant, acting pro se, filed his answer on April 26, 2011 (Doc. No. 5). He "assert[ed] a general denial" to the allegations in the complaint, and added three additional allegations that purport to be defenses to Plaintiff's claims. As Defendant has not introduced any evidence or alternative view of the facts, the following allegations are taken from Plaintiff's Complaint (Doc. No. 1) and the summary judgment evidence attached to Plaintiff's Motion.

On March 22, 2006, Defendant executed and delivered to Plaintiff's predecessor in interest, Hibernia Bank, a promissory note in the amount of $82,800.00 (the "Jolly

1

Note"). (Affidavit of Mario Martinez ("Martinez Aff."), Mot., Ex. A, ¶ 3.) Plaintiff is the legal owner and holder of the Jolly Note. (*Id.*) The Jolly Note was secured by real property located in Harris County, Texas (the "Jolly Property"). (*Id.* ¶ 4.) Defendant failed to pay the amount due on the note, and therefore Plaintiff foreclosed on the Jolly Property on November 3, 2009. (*Id.*) As of June 17, 2011, after crediting the foreclosure sale price, $44,019.80 was due and payable under the note, and interest continues to accrue at the rate of $5.47 per day. (*Id.* ¶ 8.) Defendant states that the Jolly Note was secured by three different properties, and Plaintiff has foreclosed on only one of those properties. (Answer ¶ I.) Plaintiff maintains a lien on the other units. (*Id.*)

On November 27, 2006, Meigs Field Airport and Jolly Properties, Inc. executed and delivered to Plaintiff a promissory note in the amount of $2,597,000.00 (the "Meigs Note"). (Martinez Aff. ¶ 5.) Defendant executed and delivered to Plaintiff a guarantee agreement which unconditionally guaranteed the payment of the Meigs Note. (*Id.*) Additionally, the Meigs Note was secured by real property located in Cypress, Texas (the "Meigs Property"). (*Id.* ¶ 7). Meigs and Jolly Properties failed to pay the indebtedness due under the note. (*Id.*) Both Meigs and Jolly Properties filed for Chapter 11 bankruptcy protection, and the court presiding over the Meigs bankruptcy granted relief from the automatic stay so that Plaintiff could exercise its rights as a secured creditor. (Compl. ¶¶ 16–17.) Plaintiff foreclosed on the Meigs Property on January 5, 2010. (*Id.*) As of June 17, 2011, after crediting the foreclosure sale price, $215,416.17 was due and payable under the Meigs Note, and interest continues to accrue at the rate of $27.60 per day.

Defendant contends that, at the time of the foreclosure sale, the fair market value of the property was greater than the balance on the loan.  (Answer ¶ III.)  Additionally, Defendant asserts that Dr. K. D. Upadhaya delivered $200,000 to Plaintiff as an initial payment to purchase the Meigs Property.  (*Id.*)  However, Defendant notes that the sale did not take place and the $200,000.00 was returned to Dr. Upadhyada on or about October 16, 2009.  (Martinez Aff. ¶ 10; Refund Agreement, Mot., Ex. A-4.)

Plaintiff has sent two demand letters to Defendant for payment of the amount due under the terms of the note and guaranty.  (Affidavit of Jason Johns ("Johns Aff."), Mot., Ex. B, ¶ 2.)  Defendant is still in default.  Accordingly, Plaintiff now moves for summary judgment, as it believes that it is entitled to judgment on all claims and that no issue of material fact exists.  Defendant did not file a response despite an order from the Court allowing him additional time to do so.  (Order, Doc. No. 14, at 1.)

## II.    LEGAL STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that

3

party's favor. *Id.*; *see also Harvill v. Westward Communications*, L.L.C., 433 F.3d 428, 436 (5th Cir. 2005) (court may not make credibility determinations or weigh the evidence at the summary judgment stage). Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### III. ANALYSIS

#### A. The Jolly Note

To recover under a note, a plaintiff must establish: (1) the note in question, (2) that the defendant signed the note, (3) that the plaintiff is the legal owner and holder of the note, and (4) that a certain balance is due and owing on the note. *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.) (citing *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd)). Plaintiff's summary judgment evidence shows that there is no disputed issue of material fact on any of these elements.

First, Plaintiff has established that the Jolly Note exists, attaching a copy of the note to the Affidavit of Mario Martinez as Exhibit A-1. *See Clark*, 658 S.W.2d at 296 ("[A] photocopy of a note, attached to an affidavit, in which the affiant swore that the photocopy was a true and correct copy of the original note, constitutes a 'sworn copy' . . . and is proper summary judgment evidence." (citing *Life Insurance Co. of Virginia v.*

4

*Gar-dal,* 570 S.W.2d 378 (Tex. 1978))).  Second, the Jolly Note contains Defendant's signature.  Defendant has not denied the authenticity of his signature on the Jolly Note, and therefore the Court finds that it is valid.  *See* Tex. Bus. & Com. Code Ann. § 3.308(a) ("[T]he authenticity of, and authority to make, each signature on the instrument are admitted unless specifically denied in the pleadings." ); *see also Clark*, 658 S.W.2d at 296.  Third, Plaintiff has established that it is the legal owner and holder of the note.  The Jolly Note indicates that Hibernia National Bank is the Lender in the transaction.  Plaintiff is the successor-in-interest to Hibernia National Bank, according to Mr. Martinez's sworn statement.  (Martinez Aff. ¶ 3.)  Fourth, Plaintiff has established that a certain amount is due and owing on the Jolly Note.  A lender need not file detailed proof reflecting the calculations reflecting the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note is sufficient to sustain an award of summary judgment.  *Hudspeth v. Investor Collection Services Ltd. Partnership*, 985 S.W.2d 477, 479 (Tex. App.—San Antonio 1998) (citing *Martin v. First Republic Bank Fort Worth,* 799 S.W.2d 482, 485 (Tex. App.—Fort Worth 1990, writ denied).  Mr. Martinez's sworn statement states that, as of June 17, 2011, $44,019.80 is due and payable under the Jolly Note.  This includes $22,800.00 in principal and $21,219.80 in interest, with interest accruing at a rate of $5.47 per day.

Defendant, in his Answer, contends that Plaintiff must foreclose on its collateral prior to collecting on the note.  However, the terms of the Jolly Note do not support this theory.  The note provides, in relevant part, "This Note is payable on demand. . . . All such parties agree that Lender may . . . fail to realize upon or perfect Lender's security interest in the collateral without the consent of or notice to anyone."  (Jolly Note, Mot.,

5

Ex. A-1, at 2.)  Accordingly, the Court finds that there is no issue of material fact with respect to Defendant's liability under the Jolly Note.

### B. The Meigs Note

In order to recover on the guaranty of a note, a plaintiff must show: (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying note, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor. *Nationsbank of Texas v. Oliver Transp. Inc.*, 140 F.3d 1038, 1038 (5th Cir. 1998) (citing *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ)).  Plaintiff's summary judgment evidence shows that there is no disputed issue of material fact on any of these elements.

First, Plaintiff has established that the guaranty exists and that Plaintiff is the legal owner.  Plaintiff has attached a copy of the guaranty to Mr. Martinez's sworn affidavit; it states that Plaintiff is the owner of the guaranty.  Second, Plaintiff has established the terms of the Meigs Note, attaching a copy to Mr. Martinez's affidavit.  Plaintiff has shown that the note is in default with $315,416.17 due, including $215,811.10 in principal and $63,605.07 in interest, with additional interest accruing at the rate of $27.60 per day.[1]  Third, Plaintiffs have shown that the Meigs note is in default and Defendant's liability is unconditional.  "A guaranty is unconditional if the promise to pay the debt is conditioned only upon the principal obligor's default."  *Bishop v. National Loan Investors, L.P.*, 915 S.W.2d 241, 244 (Tex. App.—Fort Worth 1995, writ denied).  The guaranty at issue states, "Guarantor [Jolly], as a primary obligor and not as surety, unconditionally, jointly, and severally, guarantees to Lender the full, prompt and punctual

---

[1] Furthermore, as stated in Part I, *supra*, Plaintiff has provided summary judgment evidence refuting Defendant's contention that Plaintiff retained a $200,000.00 payment from Dr. K. D. Upadhyada that should be applied to the note.  Plaintiff returned the money to Dr. Upadhyada in October 2009.

payment of the Debt when due." (Guaranty, Mot., Ex. A-3, § 3.1.) Fourth, the affidavits note that Defendant has not performed his obligations even after receiving various demand letters from Plaintiff.

Defendant, in his Answer, contends that the fair market value at the time of the foreclosure sale was greater than the amount due on the debt at that time. Defendant appears to be invoking the right of an offset contained in § 51.003 of the Texas Property Code. Under § 51.003(b), if a deficiency exists on a note after a foreclosure sale, the debtor against whom recovery is sought "may request that the court . . . determine the fair market value of the real property as of the date of the foreclosure sale." Tex. Prop. Code § 51.003(b). If the court determines that the fair market value is greater than the foreclosure sale price, the debtor is entitled to an offset against the deficiency. *Id.* § 51.003(c). However, a guarantor may waive his right of offset through the terms of the guaranty. *LaSalle Bank Nat. Ass'n v. Sleutel*, 289 F.3d 837, 839–42 (5th Cir. 2002). The guaranty in the present case states that "Guarantor [Jolly] will immediately pay the Debt to Lender . . . regardless of (a) any defense, right of set-off or counterclaim which any Obligor[2] may have or assert." (Guaranty § 3.1.) Accordingly, the Court finds that Defendant waived his right of offset under the terms of the guaranty. No issue of material fact exists with respect to Defendant's liability for the Meigs Note.

### C. Attorneys' Fees

Plaintiff asserts that it is entitled to attorneys' fees based on the terms of the Jolly Note and the Meigs Guaranty. (Jolly Note at 1; Guaranty § 8.4.) Additionally, Plaintiff avers that § 38.001(8) of the Texas Civil Practices & Remedies Code allows an award of attorneys' fees for a suit on a written contract.

---

[2] The definition of "obligor" includes "each Guarantor." (Guaranty § 1.1.)

In considering Plaintiff's request for attorneys' fees and costs, the Court will need more detail. Without a breakdown indicating how the proposed fee was calculated, the Court cannot award attorneys' fees to Plaintiff.

IV.     **CONCLUSION**

For the reasons discussed in this order, Plaintiff's Motion for Final Summary Judgment is **GRANTED IN PART, DENIED IN PART**. The Court **GRANTS** summary judgment on Plaintiff's claims for breach of contract against Defendant based on both the Jolly Note and the Meigs Note and guaranty. Plaintiff's request for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to seek attorneys' fees and costs, Plaintiff is instructed to file a motion with the usual supporting data, such as detail as to the hours expended and rates used, and an affidavit as to validity.

**IT IS SO ORDERED**.

**SIGNED** this 2nd day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE